UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

    Plaintiff,

  v.

UNITED STATES OF AMERICA *et al.*,

    Defendants.

Case No. C07-5383RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
September 21, 2007**

    This 42 U.S.C. § 1983/Bivens action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Plaintiff has filed a proposed complaint and applied for *in forma pauperis* status (Dkt. # 1). Plaintiff is incarcerated at the Northwest Detention Center and is going through the process of deportation proceedings. In the proposed complaint Mr. Marks alleges an unnamed person employed by the Social Security Administration denied him due process by entering false information concerning him into the system.

    Plaintiff seeks damages in excess of $ 139,000 for denial of social security benefits since 1992 plus interest. Review of his application to proceed *in forma pauperis* reveals that Mr. Marks has

REPORT AND RECOMMENDATION- 1

1  $811.40 in his personal property in the form of uncashed checks and money orders and he is not
2  indigent (Dkt. # 1).  The district court may permit indigent litigants to proceed *in forma pauperis*
3  upon completion of a proper affidavit of indigence.  *See* 28 U.S.C. § 1915(a).  However, the court
4  has broad discretion in denying an application to proceed in forma pauperis.  Weller v. Dickson, 314
5  F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

6  Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*.
7  Plaintiff has not shown that is unable to pay the full filing fee to proceed with his lawsuit.  The court
8  should direct Mr. Marks to pay the filing within 30 days of the court's order and if he fails to pay the
9  filing fee the clerk should be directed to dismiss this matter.

10  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,
11  the parties shall have ten (10) days from service of this Report to file written objections.  *See also*
12  Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
13  appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
14  72(b), the clerk is directed to set the matter for consideration on **September 21, 2007**, as noted in
15  the caption.

17  DATED this 28 day of August, 2007.

19  /S/ *J. Kelley Arnold*
    J. Kelley Arnold
20  United States Magistrate Judge

28  REPORT AND RECOMMENDATION- 2